JAMES WRIGHT *vs.* SETH WHEELER.

Somerset.    Opinion June 2, 1881.

*Promissory notes.    Evidence.*

In an action upon a promissory note brought by the indorsee for value, before maturity, where the defence was that the note was given for spiritous liquors to be sold in this State in violation of law; *Held,* that evidence that the payee was called Whiskey Smith, or Whiskey Bill Smith, was not admissible to establish such defence, or to show that the indorsee purchased the note with knowledge of its legal consideration.

ON EXCEPTIONS and motion to set aside the verdict.

Assumpsit on two promissory notes given by the defendant to William Smith, and indorsed to Frank B. Heselton for value, before maturity. The action was brought for the benefit of Heselton.

The plea was general issue, and a brief statement alleging that the notes declared upon were given for intoxicating liquors sold in violation of R. S., c. 27, or purchased out of the State, with the intention to sell them in violation of the statute, and that the plaintiff had knowledge of the illegal consideration.

At the trial the testimony of different witnesses was admitted, against the objections of the plaintiff, that William Smith was known and called as "Whiskey Smith," or "Whiskey Bill Smith."

The verdict was for the defendant.

*James Wright,* for the plaintiff, cited: R. S., c. 27, § 20; *Field* v. *Tibbetts,* 57 Maine, 358; *Baxter* v. *Ellis, Id.* 178; *Hapgood* v. *Needham,* 59 Maine, 443; *Swett* v. *Hooper,* 62 Maine, 54; *Dillingham* v. *Blood,* 66 Maine, 140; *Farrell* v. *Lovett,* 68 Maine, 326; *Kellogg* v. *Curtis,* 69 Maine, 212; *Hobart* v. *Penney,* 70 Maine, 248.

*Folsom and Merrill,* for the defendant, contended that the evidence objected to was admissible to show the vocation of the payee of the note. "Whiskey" Smith indicated the business of the payee of the note in suit, the same as "Lawyer" Wright and "Lawyer" Folsom indicates the business of the counsel in this

case ; and the business of the payee of a note being shown, the consideration for the note is so easily and legitimately drawn from that fact, that the purchaser of the note must be held to have notice of it.

APPLETON, C. J.   This is an action on a note of hand payable to William Smith or order, and by Smith indorsed before maturity and for value, to Frank B. Heselton, for whose benefit this suit is brought.

The defence was that the note was given for spirituous liquors to be sold in this State in violation of its laws, and that Heselton purchased it with knowledge of its illegal consideration.

To establish the defence evidence was introduced against the protestations of the plaintiff that William Smith, the payee of the note was called "Whiskey Smith," or "Whiskey Bill Smith."

It appeared that Smith was a merchant in Boston, who had liquors with other articles of merchandise for sale.   The nickname given him had no tendency to show the consideration of this note, still less that Heselton, if paying value for it, was aware, at the time of its purchase, that it was given on an illegal consideration.   The prefix to Smith's name indicated the drinking rather than the selling of liquor, and was not notice to Heselton of the consideration of the note.

The evidence was hearsay.   It was not relevant to the issue. It was offered not to prove material facts but to excite prejudice. It should have been excluded.

*Exceptions sustained.   New trial granted.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.